JUSTICE LEAPHART
dissenting.
¶20 I dissent on the question of whether the State proved venue in Missoula County for the offense of outfitting without a license. The hunting trip in question took place on December 11, 2001, when Ruiz met the wardens at a motel in Missoula, Montana, escorted them to Flathead Lake and provided equipment and advice for their hunting venture outside of Missoula County. Venue is proper in any county in which any of the acts requisite to the commission of the offense occurred. Section 46-3-112(1) and (2), MCA.
¶21 As the Court notes, an “outfitter” is defined as:
[A]ny person, except a person providing services on real property that the person owns for the primary pursuit of bona fide agricultural interests, who for consideration provides any saddle or pack animal; facilities; camping equipment; vehicle, watercraft, or other conveyance; or personal service for any person to hunt, trap, capture, take, kill, or pursue any game, including fish, and who accompanies that person, either part or all of the way, on an expedition for any of these purposes or supervises a licensed guide *363 or professional guide in accompanying that person.
Section 37-47-101(11), MCA.
¶22 Although the actual hunting did not commence until the parties were in the Flathead Lake area, the Court concludes that the fact that Ruiz met the wardens at a Missoula motel and escorted them, in a separate vehicle, to Flathead Lake, constituted the “providing of personal services” and “accompanying” for purposes of outfitting without a license. In my view, this analysis stretches venue principles beyond credibility. As far as “accompanying” goes, Ruiz was not even in the same vehicle with the wardens. In the context of the criminal offense at issue, “accompany” means to be with a person while that person is engaged in hunting or taking any game, not merely traveling on the same highway to a common destination. As to the “providing of personal service,” Arnold (an actual Montana resident, posing as a Montana consultant) hardly needed “escorting” to get from Missoula to Flathead Lake. The occurrences in Missoula County were preparatory at best; they were not acts requisite to the commission of the offense of outfitting without a license, which only occurred in the Flathead Lake area-outside of Missoula County. Section 46-3-112(1) and (2), MCA. Outfitting is defined as providing a personal service “for consideration.” Obviously, Ruiz would not have demanded or received “consideration” from Arnold and Martin for meeting them at the motel and accompanying them to Flathead Lake. The personal service-i.e the “outfitting”-did not occur until they reached Flathead Lake.
¶23 The State failed to prove venue in Missoula County, and, thus, the District Court abused its discretion in denying Ruiz’s motion for a directed verdict on the outfitting without a license charge.